UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:94-cr-177 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE LUISE RODRIGUEZ, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Jose Luise Rodriguez is serving a prison sentence imposed by former District Judge David W. McKeague on April 17, 1995, after defendant entered a plea of guilty to extortion charges. 18 U.S.C. § 876. The judgment provided that defendant's sentence would run consecutively to the state sentence that defendant was then serving. The state sentence has apparently expired, and defendant is now in the custody of the Bureau of Prisons pursuant to that judgment. Defendant has filed a motion asking the court to award him credit for the eight months and four days in which defendant contends he was in the custody of the United States Marshal in pretrial detention. Since the time that Judge McKeague was elevated to the Court of Appeals, this court has undertaken responsibility for post-conviction matters in criminal cases formerly assigned to him.

Defendant's contention concerning his status as a pretrial detainee in this court appears to be mistaken, as this court's docket sheet shows that he was in state custody during the entire pendency of this case, and that his appearance before Judge McKeague was procured by a writ

of habeas corpus *ad prosequendum*. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 334 (1992) (section 3585(b) only allows credit for time that has not been credited against another sentence); *Woody v. Marberry*, 178 F. App'x 468, 471 (6th Cir. 2006); *Rios v. Wiley*, 201 F.3d 757, 274 (3d Cir. 2000) (prisoner is not entitled to credit against his federal sentence for time spent in federal custody pursuant to a writ from state prison).

More basically, however, this court lacks authority to adjudicate defendant's claim for credit on his federal sentence. To obtain judicial review of the execution of a federal sentence, a prisoner must have first exhausted his administrative remedies through the Bureau of Prisons. *See United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992). An unexhausted claim is not ripe for adjudication. *Id.* The calculation of credit against a federal sentence for pretrial detention is not a matter over which the federal district courts have original authority. The Attorney General is responsible for computing, in accordance with applicable statutes, any pretrial detention credit. *See Wilson*, 503 U.S. at 334-36. Defendant must therefore apply to the BOP and exhaust his administrative remedies before that agency. If defendant is dissatisfied with this administrative determination of credit for time served, his judicial remedy is by writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335. The only proper venue for filing a section 2241 petition is the district of incarceration, not the district in which the defendant was sentenced. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Defendant must therefore seek section 2241 relief in the District of West Virginia, where he is now held in custody. Because defendant's "Motion for Jail

Time Credit" is not ripe for adjudication and has been filed in the wrong court, defendant's motion will be denied.


Date:   March 24, 2007              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE